Algernon O. Thayer, Respondent, v. George H. Humphreys and Another, Appellants, Impleaded, etc.

*Examination of defendants to enable the plaintiff to frame his complaint — action to reach unpaid stock subscriptions in a foreign corporation — scope of the order.*

An order for the examination of defendants to enable the plaintiff to frame his complaint, in an action brought in equity to obtain an accounting of the amounts agreed to be paid upon certain stock subscriptions of the defendants as stockholders in a foreign corporation, and to compel the defendants to pay the balance remaining unpaid upon their subscriptions, or so much thereof as will be sufficient to pay the amount due on certain judgments obtained by the plaintiff against the company,

*Held* to be proper, as modified, so as to limit the scope of the examination to facts respecting the defendants' ownership or holding of stock in the company, and whether the same is or was held by them individually or as copartners.

Appeal by the defendants, George H. Humphreys and Montford P. Sayce, from an order of the Supreme Court, made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and county of New York on the 26th day of January, 1893, denying the said defendants' motion to vacate an order for their examination.

*Walter D. Clark,* for the appellants.

*A. H. Van Brunt,* for the respondent.

Per Curiam:

The action was brought in equity to obtain an accounting of the amounts agreed to be paid upon certain stock subscriptions of the defendants as stockholders in a corporation of the State of West Virginia, and that the defendants be directed to pay the balance remaining unpaid upon their subscriptions, or so much thereof as will be sufficient to pay the amount due on certain judgments obtained by the plaintiff against the company. Not having the necessary information, an application for an examination of the defendants was made to enable plaintiff to frame his complaint. The papers upon which the original order was granted contained all the statutory allegations, and showed that the information upon which the action itself was brought was purely hearsay, and that to

frame a complaint the defendants' examination would be necessary. Upon the defendants' motion to vacate such order, it was modified so as to limit the scope of the examination to facts respecting defendants' ownership or holding of the capital stock in the company, and whether the same is or was held by them individually, or as copartners.

The rules governing applications of this kind have been so frequently stated that it is only necessary to give our conclusion. We think that the learned judge below was right in permitting an examination, and that the appellants have no just cause of complaint, in view of the limitations placed thereon. The plaintiff's affidavits show that the application for the examination of the defendants as limited by the order appealed from was necessary. We think, therefore, it should be affirmed, with ten dollars costs and disbursements.

Present—O'BRIEN, P. J., and INGRAHAM, J.

Order affirmed, with ten dollars costs and disbursements.